UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-568-MOC

| CHRISTOPHER GLENN MAYDEN, | ) |
| --- | --- |
| Plaintiff, pro se, | ) |
| vs. | ) |
| GARY MCFADDEN, Mecklenburg County Sheriff, et al., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** comes before the Court on three separately filed Motions to Dismiss, filed by Defendants Sheriff Gary McFadden nad Mecklenburg County Sheriff's Department, North Carolina Governor Roy Cooper, North Carolina Attorney General Attorney General Josh Stein, and Sherriff Gene Clapps and the Adam's County Sheriff's Department. (Doc. Nos. 12, 16, 19).

### I. BACKGROUND

Pro se Plaintiff Christopher Mayden brings this action, filed pursuant to 42 U.S.C. § 1983, against various Defendants, including Adams County Sheriff Gene Claps (in Colorado), the Adams County Sheriff's Office (in Colorado), Colorado Governor Jared Polis, Phillip Weiser of the Colorado Department of Justice, Adams County Prosecuting Attorney, Mecklenburg County Sheriff Gary McFadden, Mecklenburg County Sheriff's Office, North Carolina Governor Roy Cooper, and North Carolina Attorney General Josh Stein. Plaintiff purports to bring this action against Defendants for unspecified constitutional violations arising out of Plaintiff's extradition from North Carolina to Colorado to face criminal charges.

1

Defendants' exhibits show that on April 3, 2023, the State of Colorado requested the extradition of Plaintiff for aggravated motor vehicle theft in the first degree, identity theft, and two counts of forgery.[1] (Doc. No. 14, Ex. 1, p. 4.). North Carolina Governor Roy Cooper was notified and issued a governor's warrant for Plaintiff's return to Colorado on April 20, 2023. (Id. pp. 1-3. Plaintiff was arrested on May 22, 2023, on the governor's warrant and other felony charges, and taken to the Mecklenburg County Jail. (Id., Ex. 2). Plaintiff had a court date on May 24, 2023, for the governor's warrant, and Mecklenburg County district court Judge Roderick Davis ordered Plaintiff returned to Colorado. (Id., Ex. 3). Plaintiff was released from Mecklenburg County and sent to Colorado on June 5, 2023. (Id., Ex. 2). Defendants' exhibits show that all of North Carolina's extradition procedures were met during the process of extraditing Plaintiff to Colorado.[2]

Plaintiff filed this action on September 6, 2023. Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, contains a single sentence, generally alleging a "[b]latant violation of my civil rights by holding me and denying rights to extradition hearing." (Doc. No., p. 4). In his demand for relief, Plaintiff states that he is owed $1,050,000.00 for "[h]olding me within MCDC in Charlotte denying me access to attorney." (Id.).

---

[1] Federal courts may take judicial notice of public records when ruling on a motion to dismiss. See, e.g., Corbin v. Hearst-Argyle Television, Inc., 561 F. Supp. 2d 546, 550–51 (D.S.C. 2008). A court may, at the Rule 12(b)(6) stage, "consider a document submitted by the movant that was not attached to or expressly incorporated into a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Community Serv. Bd., 822 F.3d 159, 166 (4th Cir. 2016). These extradition documents are integral to Plaintiff's claim that his constitutional rights were violated during the extradition process.

[2] The Uniform Criminal Extradition Act, as enacted by the North Carolina General Assembly, see N.C. GEN. STAT. §§ 15A–721 to –750, governs the interstate transfer of fugitives from justice found in North Carolina. Batten v. Gomez, 324 F.3d 288, 294 (4th Cir. 2003).

The moving Defendants filed the pending motions to dismiss, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. This Court issued Orders notifying Plaintiff of his right to respond to the motions to dismiss. (Doc. Nos. 15, 18, 21, 22). Plaintiff has not responded to Defendants' motions to dismiss, and the time to do so has passed. This matter is ripe for resolution.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1) Standard

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The moving party should prevail on a motion to dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. Id. Finally, Plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### B. Rule 12(b)(2) Standard

Under Rule 12(b)(2), Plaintiff bears the burden of setting forth facts sufficient to establish personal jurisdiction. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). A summons must properly be issued and served before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

**C. Rule (12)(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Finally, while the Court may construe Plaintiff's complaint liberally because he is a pro

se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

## III. DISCUSSION

Plaintiff has not responded to any of the motions to dismiss, despite that the Court has issued orders notifying him of his right to respond. Therefore, he is deemed to have abandoned his claims, and the Court could dismiss this action on that basis alone. In any event, Plaintiff's Complaint will be dismissed for the following reasons.

First, the Adams County Sheriff's Department (in Colorado) and the Mecklenburg County Sheriff's Department (in North Carolina) will be dismissed because these sheriff's departments are not legal entities capable of being sued. The capacity of an entity to sue or be sued is "determined by the law of the state where the court is located." FED. R. CIV. P. 17(b). See also Avery v. Burke Cnty., 660 F.2d 111, 113–14 (4th Cir. 1981)) ("State law dictates whether a governmental agency has the capacity to be sued in federal court.").

In North Carolina, it is well established that "unless a statute provides to the contrary, only persons in being may be sued." Coleman v. Cooper, 89 N. C. App. 188, 192 (1988). As there is no statute authorizing suit against the Adams County Sheriff's Department or the Mecklenburg County Sheriff's Department, these named Defendants are entitled to dismissal as a matter of law. Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (Bladen County Sheriff's Office is a non-suable entity); Efird v. Riley, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004) (dismissing claims against county sheriff's department for lack of capacity to be sued).

5

Next, as to the remaining Defendants, Plaintiff does not indicate whether he is suing Defendants in their individual capacities, their official capacities, or both.

First, as to Defendants Governor Cooper and Attorney General Stein, to the extent that Plaintiff purports to assert a claim against them in their official capacities, the suit is against the State of North Carolina, and such claim is barred by sovereign immunity. "State sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." Biggs v. N.C. Dep't of Pub. Safety, 953 F.3d 236, 241 (4th Cir. 2020). While Congress can abrogate the states' sovereign immunity, it has not done so for claims under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Moreover, claims for damages brought under Section 1983 can only be brought against "persons" acting under color of state law, and neither states nor state officials acting in their official capacities are considered "persons" under Section 1983. Hafer v. Melo, 502 U.S. 21, 26 (1991). Accordingly, to the extent that Plaintiff asserts claims against Defendants Governor Cooper and Attorney General Stein in their official capacities, such claims are barred by sovereign immunity.

Next, to the extent that Plaintiff has sued Sheriff Claps and Sheriff McFaddden in their official capacities, that is a claim against the Adams County and Mecklenburg County sheriff's offices. Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). Liability only attaches to the sheriff's office if the deprivation of Plaintiff's constitutional rights was caused by an official policy, practice, or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). Plaintiff makes no allegations that any policy, practice, or custom of the Adams County or Mecklenburg County sheriff's offices caused the violation of his rights, and therefore his claim against Sheriffs Claps and McFadden in their

official capacities must be dismissed.

Finally, as to <u>all</u> named Defendants to the extent they are sued in their individual capacities, dismissal is appropriate under Rule 12(b)(6) because Plaintiff fails to state a cognizable legal claim against any of the named Defendants. Vicarious liability does not apply to lawsuits brought under § 1983. Thus, to be liable under Section 1983, a plaintiff must affirmatively show that the subject official "acted personally in the deprivation of the plaintiff's rights." <u>Wright v. Collins</u>, 766 F.2d 841, 850 (4th Cir. 1985).

Here, Plaintiff asserts that Defendants violated his civil rights by "holding [him] and denying rights to extradition hearing[.]" However, Plaintiff fails to identify what rights were violated or how each Defendant acted personally in violating those rights.[3] Moreover, as Defendants note, the publicly available materials indicate that Plaintiff had an extradition hearing in accordance with the process set forth in the North Carolina General Statutes. (<u>See</u> Doc. No. 13 at 6–7).

In sum, for the reasons stated herein, the Court grants Defendants' motions to dismiss. Finally, while not all Defendants have joined in the pending motions to dismiss, this Order applies to all Defendants. Thus, this matter is dismissed in its entirety.

### IV.   CONCLUSION

In sum, for the reasons stated herein, Defendants' motions to dismiss are **GRANTED**.

**IT IS, THEREFORE, ORDERED** that:

---

[3] Plaintiff also wholly fails to allege any facts that would support a finding of supervisory liability against any of the named supervisory Defendants. <u>See</u> <u>Shaw v. Stroud,</u> 13 F.3d 791, 799 (4th Cir. 1994). Furthermore, as to Defendant Claps, a Colorado resident, the Court lacks personal jurisdiction over Defendant Claps, and he is subject to dismissal for this additional reason.

7

Case 3:23-cv-00568-MOC-SCR   Document 23   Filed 02/21/24   Page 7 of 8

1. Defendants' Motions to Dismiss, (Doc. Nos. 12, 16, 19), are **GRANTED**.

2. This action is dismissed with prejudice.

Signed: February 21, 2024

Max O. Cogburn Jr
United States District Judge